IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


THOMAS MACKEY,

                    Plaintiff,

          v.                              CASE NO.  16-3017-SAC-DJW

WYANDOTTE COUNTY DETENTION CENTER, et al.,

                    Defendants.


                 <u>NOTICE AND ORDER TO SHOW CAUSE</u>

     Plaintiff is hereby required to show good cause in writing
to the Honorable Sam A. Crow, United States District Judge, why
this action should not be dismissed for failure to state a claim
under 42 U.S.C. § 1983.  If plaintiff fails to show good cause
within the time prescribed herein, this action may be dismissed
without further notice.

     Mr. Mackey, while an inmate of the California State Prison
– Los Angeles County, in Lancaster, California,[1] filed this pro
se civil complaint under to 42 U.S.C. § 1983.  He proceeds in
forma pauperis.[2]  As the background for his complaint, plaintiff
alleges that on November 3, 2013, defendants violated the Fourth

--------

[1]     Plaintiff has since notified the court of his transfer to the Kern
Valley State Prison in Delano, California.

[2]     On June 9, 2016, the court granted plaintiff's motions for leave to
proceed in forma pauperis and directed plaintiff to pay an initial partial
filing fee of $3.00 within 14 days of receiving the order.  Plaintiff's
payment of the initial partial filing fee remains pending.

and Eighth Amendments by implanting into plaintiff a "2020" neurochip for the purpose of retrieving information from Mexican mafia members.   Plaintiff seeks punitive and compensatory damages, and requests a CAT scan to prove his claims.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal because plaintiff's claims are time-barred.   The Supreme Court directs

courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In Kansas, that period is two years. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993) (two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983). Plaintiff alleges a violation which occurred on November 3, 2013, more than two years before he filed his complaint on January 19, 2016. Plaintiff alleges no facts or claims to support tolling the limitations period. Accordingly, plaintiff's claims are time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2016, in Kansas City, Kansas.


<u>**s/ David J. Waxse**</u>
**David J. Waxse**
**U.S. Magistrate Judge**

3